STATE OF MISSOURI, Respondent, v. GEORGE KOLB, Appellant.

St. Louis Court of Appeals, January 21, 1890.

Dramshops: INSTRUCTIONS. An instruction is erroneous and prejudicial, if it authorizes a conviction for the selling of liquor without license, whether the liquor was intoxicating or not, and whether it was sold by the defendant or another, who is not shown to have sustained any legal relationship to the defendant.

*Appeal from the Butler Circuit Court.*—HON. J. G. WEAR, Judge.

REVERSED AND REMANDED.

*J. C. Sheppard* and *C. D. Yancey*, for the appellant.

*J. T. Davison* and *R. F. Scott*, for the respondent.

The State v. Kolb.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant and one Blackstone were jointly indicted for selling intoxicating liquors in less quantity than one gallon without taking out or having a license as a dramshop keeper, or any legal authority to sell the same. Blackstone was acquitted, but the defendant was convicted, and sentenced, and appeals.

The errors assigned are, that the evidence did not warrant a conviction, and that the instructions given by the court to the jury were erroneous.

There was some evidence tending to show sales of whiskey made by both Blackstone and the defendant, within one year next preceding the finding of the indictment, which was found on November 9, 1888. Blackstone gave in evidence a license as a dramshop keeper, expiring August 6, 1888. There was no evidence tending to show the legal relation between Blackstone and the defendant, either prior or subsequent to the last-named date. There was some evidence tending to show that the defendant sold to one of the witnesses, who called for cider, an intoxicating drink in less quantity than one gallon, subsequent to August 6, 1888. The court, among other instructions, gave the following instruction to the jury:

"You are further instructed that if you believe, from the evidence, that defendants, or either of them, sold liquor or anything of which it was a compound, and calling it cider, you are authorized to find them or either of them guilty as charged."

This instruction is clearly erroneous and prejudicial.

It authorizes a conviction, regardless of the fact whether the liquor sold was intoxicating or not, and regardless of the fact in what quantity, or at what time, it was sold, provided the defendants, or either of them, sold it and called it cider. It, moreover, authorized the conviction of the defendant, upon a sale made at any time by Blackstone, regardless of any legal relationship

between the two, which would make one responsible for the acts of the other.

There is nothing in any of the other instructions given limiting the effect of this erroneous instruction.

All the judges concurring, the judgment is reversed and the cause remanded.